UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KERVIN R. JEANTY,

                    Petitioner,

-against-

DANIEL F. MARTUCELLO, III; A. TORRES; DAVID HOOVLER; MARK C. DILLON; JOSEPH STANZIONE,

                    Respondents.

24-CV-9540 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who was incarcerated at Greene Correctional Facility at the time he filed this action, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging his October 24, 2022 conviction in the New York Supreme Court, Orange County.[1] By order dated January 17, 2025, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court denies the petition without prejudice for the reasons set forth below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a Section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123

---

[1] According to public records maintained by the New York State Department of Corrections and Community Supervision, Petitioner was released from Greene Correctional Facility to parole supervision on January 9, 2025.

(2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

In the petition, Petitioner states that he was convicted on October 24, 2022 of criminal tampering with evidence and reckless endangerment in the second degree, and that he was sentenced on either May 10, 2023, or May 31, 2023.[2] (ECF 1, at 1.) On an unspecified date, Petitioner appealed his judgment of conviction to the New York State Supreme Court, Appellate Division, Second Department. Petitioner states that his direct appeal is currently pending before the Appellate Division.

## DISCUSSION

Before a petitioner can seek federal *habeas* relief, Section 2254 requires exhaustion of all available state remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). A *habeas* petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In other words, if the State provides a procedure, a *habeas* petitioner must take advantage of that procedure before coming to federal court. The state judicial system must be given the first opportunity to review the errors raised by a petitioner

---

[2] Petitioner provides both dates in response to the question on the petition form asking him to provide the date of his sentencing.

before this Court may review a petition for a writ of *habeas corpus* brought under Section 2254. *See Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003).

In order to exhaust his claims for purposes of *habeas corpus* review, a petitioner must wait for the Appellate Division to decide the outcome of his appeal. If the petitioner is adversely affected by the court's decision, he must seek leave to appeal to the New York Court of Appeals, the highest state court. N.Y. Crim. P. L. § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If the petitioner files any N.Y. Crim. P. L. § 440.10 motions and/or other collateral motions, he must completely exhaust the claims in those motions by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

Because Petitioner alleges that his direct appeal is pending, and he therefore has not fully exhausted his state court remedies, the petition is denied as prematurely filed. After Petitioner has fully exhausted his state court remedies to the Court of Appeals, he may file his *habeas corpus* petition in this Court.

## CONCLUSION

Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied without prejudice.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated: March 6, 2025
       New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge